The State of Ohio, Appellee, *v.* Curry, Appellant.

(No. 4289—Decided May 14, 1952.)

*Mr. Roy E. Browne,* director of law, and *Mr. Hollis P. Allan,* for appellee.

*Mr. Paul C. Laybourne,* for appellant.

Doyle, J. The appellant, Nathaniel Curry, was charged by affidavit in the Municipal Court of Akron with conduct as follows: that "on or about the 17th

day of January, 1952, at the city of Akron, in the county of Summit * * *, and for a long time next previous thereto, at the county of Summit aforesaid, did engage in gambling for a livelihood, and was then and there, and at the time aforesaid, a common gambler, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Ohio * * *."

Upon the issue joined by his plea of not guilty, the accused went to trial and was convicted and sentenced. The appeal to this court is from this judgment, and the following claimed errors are assigned as prejudicial, for which a reversal is here sought:

"1. In the admission of testimony offered by the appellee and excepted to by the appellant.

"2. In the rejection of testimony offered by the appellant.

"3. In failing to direct a verdict and judgment in favor of the appellant at the conclusion of appellee's case.

"4. In failing to direct a verdict in favor of the appellant at the conclusion of all the testimony.

"5. Other errors apparent on the face of the record."

The charge in the affidavit was made pursuant to Section 13065 of the General Code of this state (as set forth in Chapter 14, Gambling, of Title I, Felonies and Misdemeanors, of Part Fourth of said Code). It provides:

"Common Gambler. Whoever engages in gambling for a livelihood, or is without a fixed residence and in the habit or practice of gambling, shall be fined not less than fifty dollars nor more than five hundred dollars and imprisoned not less than ten days nor more than ninety days, and shall give security in the sum of five hundred dollars for his good behavior for one year."

It is to be observed that the statute is written in the disjunctive, and the offense with which we are here concerned is the engagement in gambling for a livelihood. The affidavit does not charge, nor does the evidence show, that the accused comes within the classification of a person "without a fixed residence."

It has long been the law of this state that certain offenses under the criminal statutes or ordinances need not be confined to specific acts of commission or omission. *Morgan, Supt.,* v. *Nolte,* 37 Ohio St., 23, 41 Am. Rep., 485 (ordinance providing for the punishment of a known thief).

"5. The offense of 'being a suspicious person' does not consist of particular acts, but of the mode of life, the habits and practices of the accused in respect to the character or traits which it is the object of the ordinance creating the offense to suppress." *City of Youngstown* v. *Aiello,* 156 Ohio St., 32, 100 N. E. (2d), 62.

The statute under consideration seeks to suppress the activities of men and women who engage in gambling for a livelihood and whose mode of life, habits and practices are directed at least in part to that end. An offense under the statute does not require gambling to be the sole means of livelihood. It may be in conjunction with another and legitimate business, from which a livelihood is in part derived, or in addition to such business. The primary object of the ordinance is to suppress the professional or commercial gambler. Casual gambling for amusement, unconnected with a commercial or professional aspect, does not come within the prohibition of the statute.

Briefly, there is evidence in this record indicating (1) the arrest and plea of guilty of this appellant, on twenty-two different occasions between the years 1940 and 1951, for the possession of lottery slips contrary

to the gambling ordinance of the city of Akron; (2) an admission by the accused to a police officer that he had been engaged in the "numbers business" and that as a "numbers writer" he had taken bets up to fifty dollars in amount in one day; (3) the return to the United States Treasury Department of a "Special Tax Return and Application for Registry—Wagering," presently required by the federal government from those engaged in gambling, and his statement in the application that he receives wagers for or on behalf of one John Alex, in Akron; and (4) the return in his federal income tax reports for 1949 and 1950 of income from the "numbers business."

The record further shows that the accused is engaged in the dry cleaning business and that this business venture is exceedingly profitable to him and his partner wife, both of whom undoubtedly can and do live well from money so legitimately obtained.

The actual fact may be that the appellant's livelihood in chief is derived from legitimate business and that his gambling activities have returned to him but a small amount of revenue in comparison. (There is evidence showing a profit of $436.66 from the "numbers business" in the year 1950.) Be that as it may, the law under which this affidavit was filed was directed toward professional and commercial gamblers who derive a livelihood in whole or in part from commercial gambling. Whether all of one's livelihood is derived from professional gambling or whether only a small part is so derived, the statute makes no exception, and a mode of life, habits and practices prejudicial to the public welfare which generally accompany the professional gambler, bring a culpable person within the law's prohibition.

The appellant raises the question of the failure of proof of corpus delicti.

The corpus delicti of the offense here charged is the engagement in commercial gambling for a livelihood in full or in part, which creates a mode of life inimical to the public welfare. It is a rule of general application in this state that there must be some evidence outside of admissions of the accused, tending to establish the corpus delicti, before such admissions are admissible in evidence. The quantum of the evidence is not important as long as it tends to prove some material element of the offense charged outside of the admissions of the accused. *State* v. *Maranda,* 94 Ohio St., 364, 114 N. E., 1038.

"The character of the evidence to prove the corpus delicti, and its sufficiency for that purpose, depend largely upon the circumstances of each case. No universal rule can be laid down, except the general principle that it must be proved by the best evidence that can be adduced; it may be by circumstantial evidence, when direct evidence is not available, but such evidence, whether direct or circumstantial, must establish the fact in each case, beyond a reasonable doubt." 12 Ohio Jurisprudence, Criminal Law, Section 431.

The so-called "numbers" is a gambling system based upon a scheme for the distribution of money or property, in which a valuable consideration is paid on chance alone, with no admixture of skill. Whether the scheme is called a lottery, raffle, numbers, gift enterprise, or by some other name, is of no consequence. It is one of the schemes of gambling invented by human ingenuity and used in varying forms to reap a harvest from an unwary public.

In the judgment of the members of this court, there was sufficient proof presented in the trial, not only by extra-judicial admissions but by corroborative evidence, to justify a finding of guilt of the offense charged; and the trial court's ruling in that respect

came well within the limits of the testimony and the exhibits.

It is claimed by the appellant that the various convictions for the mere possession of lottery slips "are not for gambling. * * * All of the convictions were for the possession of articles designed to facilitate gaming."

As heretofore stated, specific acts of commission or omission are not necessary for conviction. Whether or not the defendant himself engaged in gambling as a principal is of no particular consequence, because in this state any one who aids, abets or procures another to commit a criminal offense may be prosecuted as a principal offender; and whether one conducts a gambling enterprise as a proprietor or only acts as agent in soliciting or accepting bets from customers for his principal, he is nevertheless engaged in the business of gambling.

It is reasonable to infer that one who has been arrested and fined on numerous occasions over a period of years for the possession of lottery slips, had possession of the slips or tickets for the purpose of furthering the business of gambling; and especially is this so when these facts are weighed in the light of various admissions by the person charged that he had been engaged in the "numbers" business and that he accepted wagers on behalf of other persons.

It is also asserted that the "Special Tax Return and Application for Registry—Wagering" made by the appellant has no probative value; that "it was merely an expression of an intent to perform an illegal act in the future if certain situations developed."

While this evidence alone does not suffice to prove one a common gambler, nevertheless it has probative value, and is admissible in evidence as bearing upon the question of the intent of the accused, upon the theory that a subsequently intended course of conduct

showing a then existing state of mind is admissible in evidence from which the inference may be drawn of a previous intention to pursue a similar course of conduct, when coupled with proof of prior conduct (possession on numerous occasions of illegal lottery slips) tending to prove the offense charged. Such evidence is admissible not only under the rules of the common law but under the provisions of Section 13444-19, General Code. This section is as follows:

"In any criminal case where the defendant's motive, intent, the absence of mistake or accident on his part, or the defendant's scheme, plan or system in doing an act, is material, any like acts or other acts of the defendant which may tend to show his motive, intent, the absence of mistake or accident on his part, or the defendant's scheme, plan or system in doing the act in question, may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another or subsequent crime by the defendant."

The statement made by the accused in the application that he received wagers for or on behalf of one John Alex is not privileged against self-crimination. He voluntarily made this statement when seeking to comply with the federal government's taxing mandate governing all persons engaged in the business of accepting wagers. Such statement came within the rule of an admission against interest.

We find no error in the record before us, prejudicial to the rights of the defendant, and, as a consequence thereof, the judgment will be affirmed.

*Judgment affirmed.*

HUNSICKER, P. J., and STEVENS, J., concur.