NEIGHBARGER, APPELLANT, *v.* CENTRAL OHIO TRANSIT AUTHORITY ET AL., APPELLEES.

(No. 82AP-150—Decided August 24, 1982.)

*Messrs. Gottfried & Palmer* and *Mr. Gary J. Gottfried,* for appellant.

*Messrs. Porter, Wright, Morris & Arthur* and *Mr. Darrell R. Shepard,* for appellees.

COOK, J. On October 12, 1979, appellant, Mary E. Neighbarger, boarded a bus operated by an agent of the Central Ohio Transit Authority ("COTA"), an appellee herein. After paying her fare, she stepped around a woman who was talking to the driver and grabbed a vertical pole located at the front of the bus for passenger assistance. As she grabbed for the pole, the bus started forward, spinning her around and causing her to fall into the lap of another passenger.

On July 24, 1981, appellant filed a complaint for money damages against COTA and "John Doe," its driver on the occasion in question, alleging that said driver was negligent in the manner in which he started the bus forward, and further alleging that she was injured as a result of said negligence.

After filing an answer to appellant's complaint, appellees, COTA and "John Doe," on December 11, 1981, filed a motion for summary judgment based upon the deposition of appellant. Appellant filed no additional evidence in opposition to said motion. On March 1, 1982, the trial court granted appellees' motion for summary judgment.

Appellant has appealed the judgment of the trial court and has filed two "issues" which we will consider as one assignment of error, to wit: the trial court

erred in granting defendants' motion for summary judgment.

The assigned error is without merit.

Civ. R. 56(C) states:

"Motion and proceedings thereon. The motion shall be served at least fourteen days before the time fixed for hearing. The adverse party prior to the day of hearing may serve and file opposing affidavits. Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, *show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.* No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages." (Emphasis added.)

The duty owed by a common carrier to its passengers is the highest degree of care consistent with the practical operation of the system. *Dietrich* v. *Community Traction Co.* (1964), 1 Ohio St. 2d 38 [30 O.O.2d 22].

However, the mere occurrence of jerking in the operation of the carrier, absent evidence of an unusual suddenness, force, or violence, is not evidence of negligence. *Yager* v. *Marshall* (1935), 129 Ohio St. 584.

In the *Yager* case, the plaintiff had boarded a street car, paid her fare, turned to take a seat, hit a bar, and fell when the streetcar jerked. The court in *Yager* held that it was error for the trial court not to direct a verdict for defendant where plaintiff's evidence of negligence was that the streetcar " 'jerked a little,' " " 'jerked or something,' " " 'there was a jerk' " and " 'when the car jerked I fell.' " In *Yager, supra,* at 587, the court concluded:

"* * * There is nothing here to indicate that the jerk was unusual in its suddenness, force or violence, or that it was in any manner different from those that ordinarily occur in the practical operation of a street car."

In the instant cause, appellant testified in her deposition that the "bus lurched or something" and that the "bus lurched or jerked or whatever" when it started forward. She further testified: "Seems like it was starting out fast or swerved to get in another lane. I am not sure * * *."

We conclude that there was no genuine issue of a material fact. The bus started forward with a lurching or a jerking. The deposition of appellant produced no evidence that said lurching or jerking was of unusual suddenness, force, or violence.

Construing the evidence most strongly in favor of appellant, reasonable minds could come to but one conclusion and that conclusion is adverse to appellant.

Under the holding of *Yager, supra,* we further conclude that appellees were entitled to summary judgment as a matter of law.

*Judgment affirmed.*

STRAUSBAUGH and REILLY, JJ., concur.

COOK, J., of the Eleventh Appellate District, sitting by assignment in the Tenth Appellate District.