Mershetta Conley, by her grandmother and guardian, Katie Merchant, filed a complaint against the Miami Valley Regional Transit Authority and its driver, Charles F. Williams, seeking damages for injuries sustained by Conley when, after boarding an RTA bus operated by Williams, she fell as the bus moved away from the bus stop.
The RTA and Williams answered and thereafter moved for summary judgment, which the trial court granted, thus prompting this appeal wherein Merchant and Conley assert one assignment of error.
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS RTA MIAMI VALLEY REGIONAL TRANSIT AUTHORITY AS GENUINE ISSUES OF MATERIAL FACT EXIST UPON WHICH REASONABLE MINDS COULD DISAGREE AS TO WHETHER DEFENDANT RTA WAS NEGLIGENT.
The trial court set forth the facts, law, and its analysis as follows:
 I. FACTS On April 29, 1994, Plaintiff Mershetta Conley (hereinafter "Ms. Conley") boarded a RTA bus near the intersection of Monument Avenue and River Corridor Drive. Before Ms. Conley was able to take a seat on the RTA bus, it pulled away from its stopped position. Ms. Conley fell from her standing position onto the bus floor. As a result of the fall, Ms. Conley's ankle was broken. Ms. Conley, a minor and her grandmother and guardian, Katie Merchant (hereinafter "Ms. Merchant") then brought this action against RTA and Charles F. Williams, the driver of the bus, for personal injury.
 II. LAW AND ANALYSIS In order to sustain a motion for summary judgment, it must appear that:
1) There is no genuine issue as to any material fact;
 2) The moving party is entitled to judgment as a matter of law; and
 3) Reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Harless v. Willis Day Warehouse Co., (1978), 54 Ohio St.2d 64. See also, Ohio R. Civ.P. 56(C).
 In ruling on a motion for summary judgment, the Court considers the admissions, affidavits, transcripts of evidence, and written stipulations of fact, viewing the facts in the light most favorable to the non-movant. Ohio R. Civ.P. 56(C), Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356. The movant has the burden of showing from its evidence and the lack of contrary evidence from the non-movant, that there is no genuine issue of material fact and that it is entitled to judgment. Dresher v. Burt (1996), 75 Ohio St.3d 280. If the movant meets the initial burden, the non-movant must then show evidence that there is a genuine issue of material fact. Celotex Corp. v. Catrett (1986), 477 U.S. 317, 324. All doubts or conflicts about whether there is a genuine issue must be resolved in the non-movant's favor. Wing v. Anchor Media Ltd of Texas
(1991), 59 Ohio St.3d 108.
 First, Defendants claim that under Ohio law, Plaintiffs must prove that the jerking motion of the RTA bus which caused Ms. Conley to fall was unusual in some respect. Yager v. Marshall (1935) 129 Ohio St. 584, 587, Neighbarger v. Central Ohio Transit Authority (Ohio App. 1992 Franklin Cty), 9 Ohio App.3d 83, 84. This unusual characteristic could include the suddenness of the movement, the force of the movement or its violence. Id. Defendants state that Plaintiffs have failed to show that the jerk which caused Ms. Conley to fall was unusual in any way and consequently cannot show the bus driver was negligent in any way. They cite to the depositions of both Plaintiffs and state that neither present any evidence about the bus' movement other than the fact it pulled away from the curb before Ms. Conley could sit down. Plaintiffs argue there is an issue as to whether the sudden jerk of the bus constituted negligence on the part of the driver and consequently injured Ms. Conley. Plaintiffs ask the Court to infer that the jerking movement was unusual from the fact that she fell.
 The Court finds that no issue exists as to the negligence of the bus driver. Plaintiffs both stated in their depositions that the bus pulled away from the curb and accelerated while Ms. Conley was not sitting down and that was the cause of her injuries. Neither Ms. Conley nor her grandmother Ms. Merchant, who was not present when the accident occurred, have presented any evidence to show that the bus' acceleration was faster or more forceful than normal. Without such evidence, Plaintiffs cannot prove any breach of duty. Consequently, Defendants' motion for summary judgment is SUSTAINED on Counts I, II, IV and V of Plaintiffs' complaint, each of which involves the issue of negligence.
(The non-negligence counts alleged in the complaint have been abandoned on appeal.)
Merchant and Conley claim the force with which Conley fell in the bus demonstrates that there had been an unusual jerk, thus creating a genuine issue of material fact as to RTA's negligence.
The Supreme Court of Ohio has held that the duty of care owed by a common carrier to its passengers is the highest degree of care consistent with the practical operation of the system.Neighbarger v. Central Ohio Transit Auth. (1982), 9 Ohio App.3d 83,84, citing Dietrich v. Community Traction Co. (1964), 1 Ohio St.2d 38. The mere occurrence of a jerk does not constitute evidence of negligence on the part of a common carrier of passengers in the operation of its cars. Yager v. Marshall
(1935), 129 Ohio St. 584, 587. In order to prove such negligence, there must be evidence indicating a jerk unusual in some respect such as in its suddenness, force, or violence. Id.
Merchant and Conley relied on their own depositions in opposing RTA's motion for summary judgment. Conley's testimony, as pertinent to this appeal, was as follows:
 Q. All right. Okay. What happened, then, when you — you started to get on the bus. Then what happened?
 A. I started to get on the bus. I walked toward the back of the bus. As I got to where the back door is, directly in the middle of it, the bus driver pulled off and I fell.
* * *
Q. And can you describe how the bus pulled away?
 A. No, sir, I can't. He just — just pulled off. We just started to go.
Q. He just accelerated?
A. Yes, sir.
 Q. Okay. Was it a quick acceleration or just a normal acceleration?
A. I don't know.
* * *
 Q. Okay. You stated the bus pulled away, and your recollection is that it was just a normal acceleration; is that fair to say?
 A. No, sir. I didn't — didn't know what it was. It just pulled off.
Merchant's testimony, as pertinent to this appeal, was as follows:
 A. Yes. She told me that she had gotten on the bus and before — well, she had walked near to the rear of the bus, but before she could sit down, the bus started off and she fell.
 Q. Okay. Did she tell you what part of her body was injured?
 A. Yes. She told me that her right leg, she, you know, rested — her whole body fell on that, rested on her right leg.
 Q. Okay. And other than telling you that the bus started before she sat and she fell, did she say any more, give you any more detail about how the accident itself occurred?
 A. Well, she just — no. No, she didn't. She — that was the only thing that she could tell me, that it — that she, you know, fell, you know, because the bus started off before she had a chance to sit.
In regard to any jerk of the bus, Conley testified to her recollection of the events surrounding her accident, and her grandmother testified to the events as they had been recounted to her by Conley. Conley and Merchant apparently concede that neither of them described any unusual suddenness, force, or violence in the movement of the bus, and such a concession is supported by the above quoted testimony. Conley testified that "the bus driver pulled off and I fell." When pressed for additional details, Conley was unable to provide any, stating that she did not know if the bus had accelerated quickly or normally, and reiterating that the bus had "just pulled off." Similarly, Conley's grandmother testified that Conley had told her that "she had walked near to the rear of the bus, but before she could sit down, the bus started off and she fell." This testimony does not create a genuine issue of material fact as to whether the bus's movement was unusually sudden, forceful, or violent.
Merchant and Conley contend, however, that the "physical manifestations" of the fall demonstrate "that the jerk of the bus was sudden and unusual because it had enough force to throw . . . Conley to the floor so hard her ankle broke in two places." In support of this argument, Merchant and Conley cite Cleveland Ry.Co. v. Hunt (1927), 116 Ohio St. 291. In Hunt, the supreme court relied upon the plaintiff's description of the result of a streetcar's jerk, as well as her characterization of the jerk itself, in concluding that a genuine issue existed for the jury. There, the plaintiff had testified that "the car started with a sudden and violent jerk, which threw her against the other passengers around her and threw them against her; that `they knocked against this shin here, but they fell all over my feet.'" In finding an issue for the jury, the court observed that "it is a matter of common knowledge that common carrier electric street cars are not usually started in such a way as to throw their passengers all about the car."
The Hunt case is distinguishable from the case at hand because, although Conley was injured when she fell, her description of the circumstances surrounding her fall did not support an inference that the movement of the bus had been unusually sudden, forceful, or violent.
Indeed, although Conley did not agree with the characterization that the bus's pulling away was "just a normal acceleration," she did not elaborate or in any way describe how the bus's pulling away was not normal.
Remarkably, Conley's testimony was even weaker than that of the plaintiff in Yager v. Marshall, supra, upon which she and Merchant rely, wherein the supreme court held that the trial court had erred in not directing a verdict for the defendant carrier, and of the plaintiff in Neighbarger v. Central Ohio Transit Auth.,supra, upon which Conley and Merchant also rely, wherein the court of appeals affirmed summary judgment for the carrier.
The assignment of error is overruled.
The judgment will be affirmed.
YOUNG, P.J. and GRADY, J., concur.
Copies mailed to:
David G. Roach
Gary D. Plunkett
John A. Cumming
Hon. Patrick J. Foley