[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
On March 4, 1997, Nora Campagna boarded a bus operated by the Southwest Ohio Regional Transit Authority. She was the fourth or fifth passenger to get on the bus. Before Campagna seated herself, the bus began to move, and Campagna fell and broke her ankle. She filed suit against SORTA for the injuries she sustained. The trial court granted summary judgment in favor of SORTA. Campagna has filed a timely appeal.
The duty owed by a common carrier to its passengers is the highest degree of care consistent with the practical operation of the system. See Dietrich v. The Community Traction Co. (1964),1 Ohio St.2d 38, 203 N.E.2d 344, paragraph one of syllabus. The mere occurrence of jerking in the operation of the carrier's vehicle, without evidence of an unusual suddenness, force or violence, does not constitute negligence. See Yager v. Marshall (1935), 129 Ohio St. 584,196 N.E. 375; see, also, Reiser v. The Cincinnati StreetRy. Co. (1952), 92 Ohio App. 4, 109 N.E.2d 284. Injuries are only compensable if they are caused by movements of a vehicle that are not incident to its normal method of operation. See Smith v.Cincinnati Transit, Inc. (Mar. 24, 1975), Hamilton App. No. C-74159, unreported.
Campagna argues that SORTA's training manual establishes an even higher duty of care because the manual suggests that drivers should wait for passengers to sit down or brace themselves before starting a bus. We disagree. The mere inclusion of this safety language in a training manual, without more, is not enough to create a duty beyond that established by Yager, supra.
Campagna failed to put forth any evidence that the bus was operated in an unusual manner. Campagna testified that she rode the same bus home from work every day. On the day of the accident, Campagna was in the aisle when the bus pulled away from the curb. The bus did not pull away any differently than it normally did. According to Campagna, the bus had always pulled away from the curb while she was still in the aisle.
Even with the evidence construed in favor of Campagna, no genuine issue of material fact remains as to a breach of duty by SORTA. See Drescher v. Burt (1996), 75 Ohio St.3d 280,662 N.E.2d 264. Campagna produced no evidence that bus jerked, let alone any evidence of "unusual suddenness, force or violence." SeeNeighbarger v. Central Ohio Transit Authority (1982), 9 Ohio App.3d 83,458 N.E.2d 388. We hold that the trial court properly granted summary judgment in favor of SORTA.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Painter and Winkler, JJ.