JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App. R. 11.1(E) and Loc. R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct. R.Rep.Op. 3(A).
In a single assignment of error, plaintiff-appellant Doreatha Henry asserts that the trial court erred by entering summary judgment in favor of defendant-appellee Southern Ohio Regional Transit Authority/Metro Bus Company ("SORTA") on her negligence claim. For the following reasons we affirm.
Henry, a passenger on one of SORTA's buses, injured her shoulder after the bus driver, Angela Thompson, forcefully hit the brakes to avoid, unsuccessfully, an accident with a car that had cut in front of the bus. Henry sued SORTA for negligence. SORTA moved for summary judgment, submitting the depositions of Henry and Thompson in support of its contention that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law.
In her deposition, Henry testified that she had boarded the bus at a marked bus stop on Reading Road, which had two lanes of travel in each direction. The bus had stopped in the curb lane. Henry testified that she was walking to her seat when the bus began to pull away from the curb. Shortly thereafter, the bus made a sudden jerk, causing Henry to lose her balance and to injure her shoulder as she grabbed a vertical pole to keep from falling. She testified that she did not know why the bus had come to a sudden stop, but when she looked up, she observed a car in front of the bus that appeared to have been turning into an Auto Zone store. Henry testified that the car drove away. Finally, Henry testified that the bus did not move from the curb lane from the time it had picked her up until the sudden stop.
Thompson testified that when she left the bus stop, she had checked her left mirrors for cars approaching on the left side of the bus, did not see any, activated her left turn signal and pulled away from the curb traveling at five miles per hour. Thompson testified that she had traveled about 30 feet when she noticed a car directly in front of the bus's front bumper and hit her brakes to avoid an accident. Thompson testified that she did not see whether the car had come up beside the bus in the left lane or was in the process of making a left turn into the Auto Zone store when the collision occurred.
The trial court granted SORTA's motion for summary judgment, holding that SORTA was not negligent as a matter of law when the bus driver had checked the side mirrors, noticed no cars approaching and had not pulled into a different lane of traffic, but had instead maintained a position in the curb lane when the accident occurred. The trial court implied in its decision that it was the negligence of the driver of the car, not the negligence of the bus driver, that had caused Thompson to forcefully hit the brakes to avoid the accident. We agree with the trial court.
Civ. R. 56(C) provides that summary judgment is appropriate when no genuine issue of material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and with the evidence construed most strongly in favor of the nonmoving party, that conclusion is adverse to that party.[1] The party moving for summary judgment bears the initial burden of demonstrating that no genuine issue of material fact exists, and once it has satisfied its burden, the nonmoving party has a reciprocal burden to set forth facts showing that there is a genuine issue for trial.[2] This court reviews the granting of summary judgment de novo.[3]
In order to prevail on a negligence claim, a plaintiff must prove (1) that the defendant owed the plaintiff a duty; (2) that the defendant breached that duty; and (3) that the breach of the duty proximately caused the plaintiff's injury.[4]
The parties do not dispute that SORTA, as a common carrier, had a duty to use the highest degree of care consistent with the practical operation of its bus.[5] But SORTA maintains that it did use the highest degree of care in its attempt to avoid an accident it did not cause, and, thus, that it did not breach the duty owed to Henry. Henry asserts that there was a genuine issue of material fact over whether Thompson was negligent in operating the bus. We cannot say that such an issue was raised on the state of record.
Thompson testified that the car cut in front of the bus, causing the accident. Henry did not present any evidence to the contrary. Accordingly, it appears that the negligence of the driver of the car caused the accident, particularly when it was undisputed that the bus had maintained its lane of travel. Under Ohio law, the driver operating a motor vehicle on a through street in a lawful manner has the absolute right of way over an intersecting vehicle, and the driver on the through street may ordinarily assume that such a right of way will be respected and observed by the driver of an intersecting vehicle.[6]
We conclude that there was no genuine issue of material fact in this case. Thompson testified that the car cut in front of the bus in the bus's lane of travel, causing the accident. Thompson testified that she exercised the highest degree of care to avoid the accident by forcefully hitting her brakes. Henry provided no evidence to contradict this testimony. Construing the evidence most strongly in favor of Henry, reasonable minds could come to but one conclusion and that conclusion was adverse to Henry.
The single assignment of error is overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App. R. 27. Costs shall be taxed under App. R. 24.
Doan, P.J., Hildebrandt and Sundermann, JJ.
[1] See State ex rel. Howard v. Ferreri, 70 Ohio st.3d 587, 589, 1994-Ohio-130, 639 N.E.2d 1189.
[2] See Dresher v. Burt, 75 Ohio St.3d 280, 293,1996-Ohio-107, 662 N.E.2d 264.
[3] Jorg v. Cincinnati Black United Front,153 Ohio App.3d 258, 2003-Ohio-3668, 792 N.E.2d 781, at ¶ 6.
[4] Chambers v. St. Mary's School, 82 Ohio St.3d 568, 565,1998-Ohio-184, 697 N.E.2d 198.
[5] Neighbarger v. Central Ohio Transit Authority (1982),9 Ohio App.3d 83, 458 N.E.2d 388.
[6] See Timmins v. Russomano (1968), 14 Ohio St.2d 124,236 N.E.2d 665.