# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 29, 2009

Charles R. Fulbruge III
Clerk

No. 08-30582

REGINALD T JOHNSON

Petitioner - Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY

Respondent - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CV-1235

Before REAVLEY, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Petitioner Reginald Johnson ("Johnson") was convicted in 1999 of violating Louisiana's racketeering statute, La. Rev. Stat. § 15:1353(C). After exhausting his direct appeals and state collateral review proceedings, Johnson filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Among other claims, he asserted that there was insufficient evidence to support his conviction, resulting in a violation of his constitutional right to due process as interpreted by the United States Supreme Court in *Jackson v. Virginia*, 443 U.S.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

307 (1979). Although the district court found that the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d), did not prohibit issuance of the writ, it nonetheless denied relief after conducting a *de novo* review of the claim. The district court granted a certificate of appealability (COA) as to Johnson's sufficiency-of-the-evidence claim. We conclude that AEDPA bars issuance of the writ in this case and therefore affirm.

## I. BACKGROUND

In 1999, a jury convicted Reginald T. Johnson of racketeering in violation of La. Rev. Stat. § 15:1353(C). He was sentenced as an habitual offender to life imprisonment. Johnson filed an out-of-time appeal, and his conviction and sentence were affirmed on direct appeal. The Louisiana Supreme Court denied Johnson's request for a writ of certiorari. *See State v. Johnson*, 857 So. 2d 490, 491 (La. 2003).

Johnson was a resident of Long Beach, California. Johnson sold marijuana to Marvin Wiley, a resident of Houma, Louisiana, many times between May 1996 and February 1998. During that period of time, Wiley paid several women to travel between Long Beach and Houma transporting marijuana from Johnson to Wiley. In general, the women would travel by air from Louisiana to Long Beach and then return to Louisiana by train with the marijuana. On at least one occasion, the woman making the trip was bringing over $24,000 in cash to California. More often though, Wiley had the different women wire money for him to Johnson or Johnson's associates.

In Long Beach, when the women arrived at the airport, Johnson would fetch them and bring them to a hotel room. Once in the hotel room, Johnson would give the women a suitcase of marijuana. Johnson, for his part, had at least two women receive wired money for him. Johnson also received wired money and signed for it under the name Kevin Hill. The state appellate court characterized this operation as "an enterprise . . ., in which [Johnson] sold

marijuana to Wiley and assisted in the transporting of the marijuana from California to Houma, where Wiley sold it to others."

Represented by counsel, Johnson filed a state application for postconviction relief (PCR) in which he argued for the first time that there was insufficient evidence to support his racketeering conviction. Johnson's argument focused on his claim that the State had not proven the existence of an enterprise for purposes of La. Rev. Stat. § 15:1353(C). The trial court conducted an evidentiary hearing on the matter. The trial court presumed that the racketeering instructions given to the jury were correct, noted that the jury had found the element proven, and denied Johnson's PCR application. The state supreme court denied Johnson's request for supervisory writs.

Among other claims, Johnson alleged in his § 2254 petition that there was insufficient evidence to support his conviction because the State had not proven the enterprise element of § 15:1353(C). Additionally, Johnson argued that trial counsel was ineffective in that he was unfamiliar with the law governing Louisiana's racketeering statute and thus failed to raise the insufficiency argument to the jury or in a postjudgment motion. The district court denied Johnson's § 2254 petition. Johnson timely filed a notice of appeal, and the district court granted Johnson's request for a COA on his *Jackson* sufficiency-of-the-evidence and related ineffective assistance claims.

## II. STANDARD OF REVIEW

"In a habeas corpus appeal, we review the district court's findings of fact for clear error and review its conclusions of law *de novo*, applying the same standard of review to the state court's decision as the district court." *Thompson v. Cain*, 161 F.3d 802, 805 (5th Cir. 1998); *see also Beazley v. Johnson*, 242 F.3d 248, 255 (5th Cir. 2001).

3

## III.  DISCUSSION

Johnson alleges that he was convicted of racketeering under La. Rev. Stat. § 15:1353(C)[1] without sufficient evidence, thus resulting in a deprivation of his federal constitutional right to due process as outlined in *Jackson v. Virginia*, 443 U.S. 307 (1979).[2]  In *Jackson*, the Supreme Court held that the due process clause guarantees a right to be free from criminal conviction "except upon sufficient proof -- defined as evidence necessary to convince a trier of fact beyond a reasonable doubt as to the existence of every element of the crime." *Jackson*, 443 U.S. at 316.  A habeas petitioner is entitled to relief under *Jackson* "if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Id.* at 324.

Specifically, Johnson contends there was no evidence that he was associated with an "enterprise."  Louisiana statutes define "enterprise" as "any individual, sole proprietorship, partnership, corporation or other legal entity, or any unchartered association, or group of individuals associated in fact and includes unlawful as well as lawful enterprises and governmental as well as other entities."  La. Rev. Stat. § 15:1352(B).

Johnson argues that the "enterprise" element requires that the state prove that the enterprise existed separate and apart from the racketeering activities

---

[1] "It is unlawful for any person employed by, or associated with, any enterprise knowingly to conduct or participate in, directly or indirectly, such enterprise through a pattern of racketeering activity."  La. Rev. Stat. § 15:1353(C).

[2] The district court granted a COA as to only one issue: "[I]nsufficiency of evidence regarding the elements of racketeering and the related ineffective assistance of counsel in failing to object to the lack of evidence."  Johnson raises arguments in his brief beyond the scope of the COA, specifically: (1) whether Louisiana had proper extraterritorial jurisdiction over him; and (2) whether trial and appellate counsel were ineffective for failing to raise the issues of extraterritorial jurisdiction, severance, and the legality of an investigative stop performed on a co-defendant.  Johnson has not moved to expand the COA; thus, the issue presented in the district court's certification is the only issue we consider. *See Lackey v. Johnson*, 116 F.3d 149 (5th Cir. 1997).

it engaged in. In support of this argument, Johnson cites to the Louisiana Third Circuit's decision in *State v. Touchet*, 759 So.2d 194 (La. App. 3 Cir. 2000), which followed a line of federal RICO cases to hold that an enterprise for purposes of the Louisiana statute must "exist[] separate and apart from the pattern of activity at issue." *See id.* at 199. Notably, the facts of *Touchet* involved a drug conspiracy, which was held not to be an "enterprise" because it existed only for the purpose of engaging in the racketeering activity (i.e., distribution of controlled substances). Following this interpretation of the statute, Johnson further argues that no such evidence was presented during his trial.

Louisiana's Fifth Circuit, however, seemingly reached the opposition conclusion in *State v. Sarrio*, 803 So.2d 212 (La. App. 5 Cir. 2001), where the court held that a drug conspiracy satisfied the statute's "enterprise" requirement even though there was no indication that the association existed for any other purpose. *See id.* at 227. The *Sarrio* court distinguished *Touchet* on factual grounds, concluding that the facts of *Sarrio* revealed a better organized drug distribution operation. *See id.* Although purporting to apply a "separate and apart" requirement, the *Sarrio* court as a practical matter found that the State had proven a violation of the statute even though the enterprise existed for no other purpose than drug dealing.[3]

The district court determined *de novo* that there was sufficient evidence under either interpretation -- the more lenient *Sarrio* interpretation on one hand, and the more stringent *Touchet* interpretation on the other -- for a jury to find Johnson guilty. It found that the instant case is factually similar to *Sarrio* and that the evidence introduced at petitioner's trial was sufficient under that

---

[3] As the district court noted, this division among Louisiana's courts of appeals mirrors a similar split among the federal circuits applying RICO. *See Odom v. Microsoft Corp.*, 486 F.3d 541, 550-51 (9th Cir. 2007) (detailing the disagreement among federal courts on the issue).

case to convict him. In so holding, however, the district court also noted that *Touchet* and *Sarrio* "are in significant tension in terms of their reasoning."

We find a *de novo* resolution of the claim to be unnecessary in this case because AEDPA prohibits issuance of the writ. Under 28 U.S.C. § 2254(a), the federal courts have jurisdiction to hear a petition for a writ of habeas corpus made on behalf of a person in custody pursuant to the judgment of a state court. That jurisdiction may be exercised only for the purpose of determining whether that person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The court's power to grant habeas relief is limited by AEDPA, as codified at 28 U.S.C. § 2254(d). Section 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law[] as determined by the Supreme Court of the United States" means "the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

Here, the district court held that the state courts' decisions were contrary to or involved an unreasonable application of clearly established federal law because they failed to adequately explain their reasoning. We have repeatedly held that habeas relief is not authorized under AEDPA merely because the state

6

courts provided inadequate reasoning. *See*, *e.g.*, *Pondexter v. Dretke*, 346 F.3d 142, 148-49 (5th Cir. 2003); *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) (per curiam); *DiLosa v. Cain*, 279 F.3d 259, 262 (5th Cir. 2002); *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001). Indeed, *Santellan*, like the instant case, involved a sufficiency-of-the-evidence claim asserted pursuant to *Jackson*, and the federal district court's disregard of AEDPA due to the state courts' inadequate reasoning. "To begin with, the [district] court appeared to interpret AEDPA to authorize habeas relief solely because it found the state court's reasoning unsatisfactory. The plain language of AEDPA, as well as the rulings of our sister circuits, renders this reasoning untenable." *Santellan*, 271 F.3d at 194. Rather than assessing the quality of the state courts' reasoning, the district court should have considered only "the ultimate legal conclusion that the state court reached and *not* . . . whether the state court considered and discussed every angle of the evidence." *Neal*, 286 F.3d at 246. "The only question for a federal habeas court is whether the state court's determination is objectively unreasonable." *Id.*

Applying this standard, it is clear that Johnson is not entitled to habeas relief. As the Supreme Court has explained, the *Jackson* "standard must be applied with explicit reference to the substantive elements of the crime *as defined by state law*." *Jackson*, 443 U.S. at 324 n.16. And "[s]tate courts are the ultimate expositors of state law." *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). Thus, when applying *Jackson*, the federal habeas court must defer to the state court's explication of state law. *See McKee v. Nix*, 995 F.2d 833, 836-37 (8th Cir. 1993); *Jones v. Thieret*, 846 F.2d 457, 460 (7th Cir. 1988); *see also Garner v. Louisiana*, 368 U.S. 157, 166 (1961) ("We of course are bound by a State's interpretation of its own statute and will not substitute our judgment for that of the State's when it becomes necessary to analyze the evidence for the purpose of determining whether that evidence supports the findings of a state court.").

The Louisiana state courts could have interpreted the statute of conviction as not requiring that the enterprise have a purpose separate and apart from the racketeering activity. Their decision would only be an unreasonable application of or contrary to *Jackson* if the evidence introduced at trial fell short based on that interpretation. There can be no dispute that the evidence introduced at Johnson's trial met this more lenient interpretation of an "enterprise" -- and, applying that definition, that there was sufficient evidence that a group of individuals associated together to engage in racketeering activities to support his conviction.

## IV. CONCLUSION

We conclude that Johnson is not entitled to relief because the state court's decision was not contrary to, nor did it involve an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d)(1). Accordingly, we AFFIRM the judgment of the district court.