## SPRENG v FLAHERTY

Ohio Appeals, 6th Dist, Sandusky Co

No 234. Decided Jan 5, 1931

C. H. Hock and M. G. Thraves, Fremont, for Spreng.

E. R. Voorhees, Woodville, and W. J. Mead, Fremont, for Flaherty.

RICHARDS, J.

Under this state of the evidence we are asked to say as a matter of law that the plaintiff was guilty of such contributory negligence as would bar a recovery. The distance at which the plaintiff and his friends saw the rollers is variously estimated, and was at best only a matter of estimate. The ability to stop a car quickly depends upon a variety of circumstances, some of which are the nature of the roadway and its condition as to being slippery or otherwise, and the record contains evidence that this roadway was wet and more or less slippery.

Certainly a court can not take judicial notice that an automobile travelling from 20 to 25 miles an hour on a certain pavement can be stopped in less than 100 to 150 feet, when the uncontradicted evidence shows it could not be done. And, of course, on a motion by the defendant for a direct-ed verdict the evidence must be construed most favorably for the plaintiff.

In **Mostov v Unkefer, 24 Oh Ap, 420, 424,** decided by this court, it appears that the driver of the car could see by his own lights an object 200 feet ahead and saw the truck with which he collided when he was 75 or 100 feet from it and could have stopped his car in from 30 to 50 feet, and yet he recovered a judgment in the Court of Common Pleas, which was affirmed by this court and the Supreme Court overruled a motion to certify the record.

The rule is stated in **Doran v Bethards, 26 Oh Ap, 426,** that the question of contributory negligence of the driver of an automobile approaching an unlighted parked truck in the night season, is ordinarily one for the jury and this court is of opinion that the rule thus stated is applicable to the case at bar.

Holding that the evidence was sufficient to carry the case to the jury, the judgment is reversed and the cause remanded for a new trial.

WILLIAMS and LLOYD, JJ, concur.