## FRISTOE v DAYTON STREET TRANSIT CO

Ohio Appeals, 2nd Dist, Montgomery Co

No 1525.   Decided March 9, 1939

Thomas, Hyers, Leyland & Stewart, Dayton, for plaintiff-appellee.

Philip H. Worman, Dayton, Paul H. Blum, Dayton, for defendant-appellant.

## OPINION

By GEIGER, J.

This matter is before this court on appeal from a judgment of the Court below on questions of law.

The matter below involved an alleged injury to a passenger on a trolley bus of the defendant. The trial resulted in a verdict in favor of plaintiff for $500.

The assignments of error in this Court are:

The Court erred in overruling motion of the defendant-appellant for judgment on the pleadings and opening statement.

The Court erred in overruling motion for directed verdict.

The Court erred in excluding evidence of defendant-appellant.

The Court erred in overruling defendant-appellant's motion for judgment notwithstanding the verdict.

The Court erred in overruling motion for new trial.

Other errors.

The plaintiff below alleged that the defendant owns and operates motor buses in the City of Dayton along Salem Avenue; that on January 7, 1937, she was a passenger on one of the buses, entering the same to be transported southwardly along Salem Avenue and when approaching the intersection of Neal Avenue, where she intended to alight, she arose to signal the driver to stop at said intersection when said bus was suddenly brought to a violent and unusual stop when still in Salem Avenue and before reaching the customary and designated place for discharging passengers; that by the sudden stopping plaintiff was violently thrown against and around a metal standard sustaining the injuries complained of. Plaintiff alleges that the injuries were caused solely through the negligence of the defendant as follows (1) In bringing said bus to a sudden, unusual and violent stop in Salem Avenue. (2) In causing and permitting the bus to be op-

erated while the operator thereof was not keeping a proper lookout while approaching said intersection and in stopping said bus with such suddenness when the defendant knew or should have known that the plaintiff, who was preparing to leave said bus, would be thrown and injured. She alleges that she was thrown against an upright standard and that she was injured and claims damages in the sum of $5000.

The defendant filed an answer admitting its incorporation, but denied all other allegations.

At the conclusion of the plaintiff's testimony a motion was made for a directed verdict which was overruled and like motion made at the end of all the testimony was overruled. Defendant made proper motions for a judgment non obstante. After the overruling of the motions and the judgment of the Court, proper notice of appeal was given.

Counsel for the defendant-appellant, as a first assignment of error, assert that the Court erred in overruling the motion for judgment on the pleadings and opening statement. The bill of exceptions does not disclose the opening statement made by counsel and therefore the Court can not consider this error.

As to the alleged error in overruling motion for directed verdict. The plaintiff in her testimony stated in substance that she rose to her feet in order to be able to reach the pull cord signalling to the operator that she ▬▬▬▬ ▬ wished to alight at the next stop and that thereupon the car stopped with a sudden violent jerk which threw her. We think this matter comes clearly within the first syllabus of **Cleveland Ry. Co. v Merk, 124 Oh St 596.** See also **Cleveland R. R. Co. v Hunt, 116 Oh St 291.** Defendant-appellant relies on the per curiam opinion of the Court in **Yager, Receiver v Marshall, 129 Oh St 584.** There is a clear distinction in the case at bar between the facts involved and those involved in the last cited case.

Complaint is made that the Court erred in excluding certain evidence. This assignment has relation to record pages 86 and 87, and so far as we can judge is a complaint as to a statement made by the plaintiff in a deposition, which it is claimed was against interest or against the testimony offered by the plaintiff at the trial. A part of it related to the position of an automobile at the intersection and the plaintiff testified to that while on the stand and states in answer to the question propounded to her in reference to her statement in the deposition that she had given the same testimony. The other matter related to a conversation with the operator in which it is alleged that the plaintiff in her deposition stated that she remarked to the operator "You hurt me" to which he replied, "I'm sorry lady, but I didn't see the automobile in time". We do not see that the Court erred in excluding evidence as to what the plaintiff said to the operator and his reply to her, as disclosed by the deposition. It is doubtful if the evidence of such conversation would have ▬▬▬▬▬ ▬ been competent. Under the conditions disclosed by the record, we discover no prejudicial error.

The fourth, fifth and sixth assignments are disposed of by what we have already said.

Another complaint is that the verdict was excessive. We have read the evidence touching the plaintiff's injuries and are not prepared to say the amount awarded was in any degree excessive. We have examined the charge of the Court and find it a correct expression of the law relating to the facts disclosed.

Judgment of the Court below affirmed.

HORNBECK, PJ, & BARNES, J, concur.