ALEXANDER, PLAINTIFF-APPELLANT, *v.* NEW YORK CENTRAL
RAILROAD COMPANY, DEFENDANT-APPELLEE.

Ohio Appeals, Tenth District, Franklin County.

No. 7331.   Decided December 3, 1963.

*Messrs. Volkema, Wolske & Bopeley,* for plaintiff-appellant.
*Messrs Wilson & Rector,* for defendant-appellee.

TROOP, J.  Joel G. Alexander, plaintiff, filed suit against The New York Central Railroad Company, defendant, in the Common Pleas Court of Franklin County, seeking to recover in damages for an injury sustained on or about July 12, 1959, while working as a member of a yard crew operating in South Yard A in Franklin County.  The injury is alleged to have resulted from the fact that the engineer on the two engines pulling ten cabooses, on which plaintiff was riding on the platform on the tenth caboose, made an emergency stop to avoid a collision with another train, causing the plaintiff to be thrown against the caboose and then to the ground.

Trial was had and at the close of the plaintiff's case, upon motion made, the trial court directed the jury to return a verdict favorable to the defendant which was done and thereafter judgment was entered accordingly.  Plaintiff properly made a motion requesting the trial court to make a separate finding of facts and statement of the law.  The court complied with the request and the findings were duly entered.  This appeal is upon questions of law from the judgment of the trial court entered March 14, 1963.

The appeal is predicated upon a single assignment of error.  It is urged that the trial court erred in sustaining defendant's motion for a directed verdict in its favor.  It is clear that the question of the negligence of the defendant, as claimed in the operation of the train composed of engines and cabooses at the time of the near miss as another train crossed the track upon which it moved, is the basic issue.  Specifically, our question is, was the evidence of the plaintiff sufficient to take his case to the jury or at least was it sufficient to preclude the trial court's direction of a verdict for the defendant at the close of the plaintiff's case.

One conclusion of fact, made by the trial court, points up the argument as to the error.  The language of the court is as follows:

"Plaintiff was standing on the rear platform of the last caboose in the train and was thrown to the ground; he received some injuries.

"His claim was that there was a terrific jerk but the law of physics does not support such a claim.

"The undisputed facts are that the train was proceeding only at a rate of speed of three to four miles per hour and even an immediate stop could not possibly have caused a terrific jerk."

The trial court then found as a matter of law that there was "no evidence that the stopping was made in other than the usual and ordinary manner, there was no question to submit to the jury."

It seems established that a court may take judicial notice of matters of science which would include a law of physics. (21 Ohio Jurisprudence [2d], 76, Section 63.) In the instant case the reference is to "the" law of physics which is troublesome since the particular law is not specified when several might be involved. Even though we knew which law, or laws, it, or they, would have to be related to the operation of the train under the circumstances peculiar to the occasion on the day of the incident, and the experience of those skilled in the operation of engines might well have been necessary to prove freedom from negligence.

Plaintiff, Alexander, testified to a sudden stop (R. 41). He elaborated (R. 45) saying:

"The stop was quite sudden, and it was as sudden a stop I have ever seen the train make, the rear caboose I was standing on practically left the rails, the sudden impact of the last caboose, the jolt was so strong."

This observation is supported by the testimony of another crew member, Whipp (R. 105), as follows:

"And we experienced this sudden stop, which was, I will say, more shocking than I have ever had before, * * *."

Ohio has some court decisions in cases dealing with what might have been designated a "law" of physics as related to given fact patterns. The phenomena of physics is usually found operating in association with other facts forcing a conclusion as to which predominated. Such a problem may have forced

the rather negative conclusions of the court in *Spring* v. *Flaherty* (1931), 40 Ohio App., 21, in which the court speaks, at page 24, as follows:

"Certainly a court cannot take judicial notice that an automobile traveling from 20 to 25 miles per hour on a certain pavement can be stopped in less than 100 to 150 feet when the uncontradicted evidence shows it could not be done. * * *"

The matter of "jerk" or "jolt" or the "shocking" stop has been considered especially. In the case of *The Cleveland Ry. Co.* v. *Hunt* (1927), 116 Ohio St., 291, in which the trial court had directed a verdict at the close of the plaintiff's case, the court speaks, at page 292, as follows:

"The sole question presented here is whether there was any evidence, or any reasonable inference which the jury might draw from such evidence, tending to prove negligence upon the part of the defendant; * * *."
and further, as follows:

"* * * the plaintiff did testify as to the result of such jerk upon the passengers and upon her as one of them. * * *"

And finally, suggests appropriate evidentiary matter, at page 293, as follows:

"* * * might have called expert witnesses to prove that it is mechanically possible and practicable to start an electric street car without such a jerk, * * *."

Decisions in other cases bear upon our problem in the instant case. Syllabus 1 in *The Cleveland Ry. Co.* v. *Merk* (1932), 124 Ohio St., 584, reads as follows:

"In an action for personal injury arising out of a fall, claimed to have been caused by the unusual jerk of the street car, testimony tending to show the physical effect of such jerk upon the plaintiff and upon other passengers in the car is more than a mere adjective characterization, and amounts to positive testimony as to the nature of the movement of the street car."

There is testimony here of a jerk that could be said to describe it as unusual. *Yager, Recr.,* v. *Marshall* (1935), 129 Ohio St., 584, appraises such testimony as follows:

"1. The mere occurrence of a jerk does not constitute evidence of negligence on the part of a common carrier of passengers in the operation of its cars.

"2. In order to prove such negligence there must be evidence indicating a jerk unusual in some respect such as in its suddenness, force or violence."

And finally, the Court of Appeals for Montgomery County followed these cases in its decision in *Fristoe* v. *Dayton Street Transit Co.* (1939), 29 Ohio Law Abs., 351, and held that the testimony of a bus passenger as to "a sudden violent jerk: is more than a mere adjective characterization," as the court held in the *Merk case, supra,* and added, as follows:

"* * * warranting submission of the case to the jury on the question of the defendant's negligence."

The direction of a verdict in the case before us at the close of plaintiff's case was premature and constituted prejudicial error to the plaintiff. The judgment and final order of the trial court are reversed and the case remanded for a new trial.

BRYANT, P. J., and DUFFEY, J., concur.