DECISION AND JUDGMENT ENTRY
{¶ 1} This case is an appeal of a summary judgment rendered in favor of appellee, Robert L. Byrd, by the Lucas County Court of Common Pleas. It involves a workers' compensation claim for an occupational disease, specifically, pneumoconiosis/silicosis.[1] The Industrial Commission of Ohio allowed appellee's claim and, appellant, Midland Ross/Grimes Aerospace ("Aerospace"), filed a R.C. 4123.512 appeal in the common pleas court.
 {¶ 2} Appellee also filed a timely complaint, but subsequently dismissed that complaint without prejudice. Appellee then refiled his complaint and asked the common pleas court to issue a judgment granting him the right to continue to receive benefits under the Ohio Workers' Compensation Act.
 {¶ 3} Both parties filed motions for summary judgment. Appellee supported his motion for summary judgment with his own deposition, admissions, and the reports of two pulmonologists who examined appellee in the year 2000. David M. Atwell, M.D., examined appellee at the request of the Ohio Workers' Compensation Bureau, and Nasir Ali, M.D., examined appellee at the request of Aerospace. In their reports, both physicians opined that appellee does have silicosis resulting from his exposure to silica dust (sand) in the workplace.
 {¶ 4} In its memorandum in opposition to appellee's motion for summary judgment/cross-motion for summary judgment, Aerospace contended that a genuine issue of material fact exists on the question of whether appellee was exposed to silica dust in the workplace. Aerospace also asserted that the reports of Dr. Atwell and Dr. Ali were not admissible evidence on the motion for summary judgment because they were not testimony taken under oath, contained hearsay and contained opinions that were not expressed within a reasonable degree of medical certainty. Aerospace therefore asked the trial court to strike the two reports.
 {¶ 5} In addition, Aerospace maintained that appellee's claim was barred by the statute of limitations set forth in R.C. 4123.85.[2]
R.C. 4123.85 provides that a claim for compensation for an occupational disease is forever barred unless the claimant files his application for benefits within two years after the disability due to disease commences "or within such longer period as does not exceed six months after diagnosis of the occupational disease by a licensed physician * * *."
 {¶ 6} Citing appellee's deposition and the questionnaire appellee filled out for his workers' compensation claim, Aerospace argued that appellee's primary care physician, Dr. J. Nadaud, indicated that appellee was suffering from a "lung disease" in 1985. Appellee did not file his application for compensation for an occupational disease until January 1, 2000. Therefore, Aerospace asserted that appellee's claim was barred by the statute of limitations.
 {¶ 7} Aerospace later filed a motion to supplement its motion for summary judgment with an uncertified, unsworn report of the results of an x-ray performed in April 1986. In this report, Dr. Nadaud "noted" pulmonary fibrosis in appellee's lungs. Aerospace contended that this diagnosis matched Dr. Ali's diagnosis of "silicosis, i.e., occupational pulmonary fibrosis" and argued, once again, that appellee's claim was time-barred. The trial court never expressly ruled on the motion to supplement.
 {¶ 8} On February 19, 2003, the trial court entered a judgment in which it denied Aerospace's motion to strike and granted appellee's motion for summary judgment. The court held that the appellee's claim was not barred by the statute of limitations found in R.C. 4123.85 because Aerospace failed to offer any evidence that appellee was actually diagnosed as having silicosis prior to December 15, 1998, the date used by appellee in his "First Report of an Occupational Disease" to the workers' compensation bureau.
 {¶ 9} The trial court further held:
 {¶ 10} "After a review of the evidence before the Court, this Court concludes that the finding reached by the Staff Hearing Officer on September 26, 2000 which found that the plaintiff developed pneumoconisosis as a result of exposure to silica while in the course of his employment is affirmed. The plaintiff's work atmosphere of over thirty years as a chipper/grinder resulted in his occupational disease."
 {¶ 11} Based on this finding, the trial court granted appellee's motion for summary judgment and denied Aerospace's motion for summary judgment.
 {¶ 12} Aerospace asserts that the following errors occurred in the proceedings below:
 {¶ 13} "Genuine issues of material fact exist as to whether or not appellee's alleged condition of `pneumoconiosis' was caused by his employment."
 {¶ 14} "The trial court erred in denying appellee's motion to strike the inadmissible letters of Dr. Atwell and Dr. Ali."
 {¶ 15} "The trial court erred in failing to grant appellant's motion for summary judgment based upon the applicable statute of limitations."
 {¶ 16} The standard germane to our review of the case on appeal is found in Civ.R. 56(C), which provides that summary judgment can be rendered "if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment cannot be granted "unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor." Id.
 {¶ 17} We shall first address Aerospace's second assignment of error. In that assignment of error, Aerospace contends that the trial court erred in failing to strike the reports of Drs. Atwell and Ali because these reports were inadmissible evidence. Appellee maintains that the reports were admissible evidence because both the Administrator of the Ohio Bureau of Workers' Compensation and Aerospace admitted, in writing, that these were true copies of the physicians' reports.
 {¶ 18} A trial court's decision to grant or deny a motion to strike will not be overturned on appeal absent a showing of abuse of discretion. Kennedy v. Merck Co., Inc., 2nd Dist. No. 19591, 2003-Ohio-3774 at ¶ 42. An abuse of discretion implies more that an error of law or judgment, it signifies that the trial court's attitude in reaching its judgment is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 19} Civ.R. 56(E) mandates that sworn or certified copies of all papers filed in support of or in opposition to a motion for summary judgment must be accompanied by an affidavit swearing that the matters contained within the document were made on the affiant's personal knowledge. The affidavit shall also set forth facts that would be admissible into evidence, and shall affirmatively show that the affiant is competent to testify to those matters. Id. Thus, the proper procedure for introducing an evidentiary matter not specifically authorized by Civ.R. 56(E) is to incorporate it by reference into a properly framed affidavit. Biskupich v. Westbay Manor Nursing Home (1986), 33 Ohio App.3d 220.222, citing State ex rel. Corrigan v. Seminatore (1981),66 Ohio St.2d 459, 467; Custard v. Admr., Bur. Workers' Comp. (June 5, 1998), Sandusky App. No. S-97-058.
 {¶ 20} Further, on a motion for summary judgment, a doctor's medical report cannot be authenticated by someone other than the author because it must be based on personal knowledge. Sweatman v. YellowFreight System, Inc. (Aug. 29, 1996), Franklin App. No. 96APE03-329. See, also, Oliver v. Wal-Mart Stores, Inc., 10th Dist. No. 02AP-229, 2002-Ohio-5005 at ¶ 16. Otherwise, the report contains inadmissible hearsay. Sweatman, supra.
 {¶ 21} As applied to the present case, neither of the medical reports submitted with appellee's motion for summary judgment meet the admissibility requirements of Civ.R. 56(E). Therefore, the diagnoses/opinions contained in Dr. Atwell's report and Dr. Ali's report could not be considered by the trial court. Thus, the court below abused its discretion in denying the motion to strike, and Aerospace's second assignment of error is found well-taken.
 {¶ 22} We now turn to Aerospace's third assignment of error. In that assignment, Aerospace asserts that the trial court erred in failing to grant its motion for summary judgment because the evidence offered demonstrated that appellee's claim was barred by the statute of limitations found in R.C. 4123.85.
 {¶ 23} In White v. Mayfield (1988), 37 Ohio St.3d 11, at the syllabus, the Ohio Supreme Court construed R.C. 4123.85, and held:
 {¶ 24} "* * * [D]isability due to an occupational disease shall be deemed to have begun on the date on which the claimant first became aware through medical diagnosis that he or she was suffering from such disease, or the date on which claimant first received medical treatment for such disease, or the date claimant first quit work on account of such disease, whichever date is the latest."
 {¶ 25} Aerospace argues that appellee's undisputed deposition testimony is that he was diagnosed with a "lung disease" in 1985 and that he indicated that he had this lung disease in 1985 on the Ohio Workers' Compensation questionnaire. Aerospace also relies on the medical report, dated April 24, 1986, in which Dr. Nadaud described x-ray results as showing that appellee had pulmonary fibrosis.
 {¶ 26} The trial court never ruled on Aerospace's motion to supplement the record with the alleged medical report and never mentioned this report in its judgment entry. A motion not expressly decided by a trial court when the case is concluded is presumed to have been overruled. State ex rel. V Cos. v. Marshall (1998), 81 Ohio St.3d 467,469. Therefore, we must presume that the trial court denied Aerospace's motion to supplement and that the lower court did not consider Dr. Nadaud's opinion concerning the diagnosis of "pulmonary fibrosis" in reaching its decision. Because, like the medical reports filed in support of appellee's motion for summary judgment, the report of the results of the x-ray taken in 1986 was not submitted in a form acceptable under Civ.R. 56(E), we find that the trial court did not abuse its discretion in denying Aerospace's motion to supplement the record. CVS Pharm. # 3131v. Ohio St. Bd. Of Pharm., 8th Dist. No. 82215, 2003 Ohio 3806 at ¶ 38.
 {¶ 27} As to any statements made by appellee with regard to a "lung disease" in 1985, appellee, in his deposition, described this purported diagnosis as having a "spot" on his lung and, after a second x-ray that was performed a few years later, as having a pinhole scar on his lung. However, appellee applied for workers' compensation benefits at some point prior to April 28, 2000 (the date admitted by the Administrator of the Ohio Bureau of Workers' Compensation as the date of the order in which appellee's application was initially denied) for a specific occupational disease, silicosis, which is defined in R.C. 4123.68(X) as: "a disease of the lungs caused by breathing silica dust (silicon dioxide) producing fibrous nodules distributed through the lungs and demonstrated by x-ray examination, by biopsy or by autopsy."
 {¶ 28} Clearly, the "diagnosis" of a spot or pinhole scar on appellee's lung is not the same as the statutorily defined definition of silicosis. Consequently, appellee cannot be said to have been aware of the occupational disease of silicosis in 1985. The only date of any evidentiary value that was adduced on the motions for summary judgment is therefore in an exhibit to appellee's deposition. That date is December 15, 1998, the date listed as the "Date of Injury/Disease" in appellee's first report of his occupational disease to the Ohio Workers' Bureau of Compensation. In applying White, we find that there is no genuine issue of material fact on the issue of whether appellee's claim was filed within the time found in R.C. 4123.85 and that reasonable minds could only conclude that appellee was entitled to summary judgment on this question as a matter of law. Therefore, Aerospace's third assignment of error is found not well-taken.
 {¶ 29} In its first assignment of error, Aerospace asserts that genuine issues of material fact exist as to whether appellee developed silicosis as result of exposure to silica dust during the course of his employment. Aerospace first argues that the trial court misinterpreted its role in reaching its judgment because the court "affirmed" the finding of the staff hearing officer.
 {¶ 30} In Robinson v. BOC Group, General Motors Corp. (1998),81 Ohio St.3d 361, 368, the Ohio Supreme Court reiterated that, although labeled an appeal, an action in the common pleas court under R.C. 4123.512
that seeks "a redetermination of a decision of the Industrial Commission of Ohio is not a traditional error proceeding." Instead, it is a de novo determination on both facts and law and contemplates that the determination shall be made "upon evidence adduced before the common pleas court as in any civil action, which may involve a jury trial if demanded." Id. The trier of fact makes the determination de novo without consideration of, or deference to, the decision of the Industrial Commission. Id.
 {¶ 31} Here, despite the fact that the common pleas court employed the term "affirmed" in its judgment entry, a reading of the entire judgment reveals that the trial court engaged in a de novo review of all of the evidence that it deemed admissible on the motions for summary judgment. Thus, Aerospace's first argument is without merit.
 {¶ 32} Unfortunately, however, the common pleas court did consider evidence that was inadmissible on a motion for summary judgment. Because this was key evidence for the purpose of determining whether appellee was diagnosed as having silicosis, the trial court could not grant appellee's motion for summary judgment.
 {¶ 33} Moreover, we are of the opinion that Aerospace's second contention under its first assignment of error also has merit. In particular, we find that a genuine issue of material fact exists on the question of whether appellee's condition resulted from his employment.
 {¶ 34} An "occupational disease" is statutorily defined as: "a disease contracted in the course of employment, which by its causes and the characteristics of its manifestation or the condition of the employment results in a hazard which distinguishes the employment in character from employment generally, and the employment creates a risk of contracting the disease in greater degree and in a different manner than the public in general." R.C. 4123.68 (now R.C. 4123.01[F]).
 {¶ 35} Appellee's deposition testimony discloses that he worked at Unicast Foundry, which was later purchased by Aerospace, for approximately 30 years. Appellee indicated that, even though some "dirt" or sand might be on an iron casting when he received it, he did not work directly with silica. He also stated that he wore a breathing filter while performing his job of chipping and grinding castings. Nonetheless, appellee said that he performed this job in a booth in the middle of a "big, open plant." He observed that there was no ceiling on the booth, and that there was silica dust all over the foundry. Based on this testimony, and viewing the evidence in a light most favorable to Aerospace, a genuine issue of material fact exists on the issue of whether appellee's employment created a hazard that actually led to the development of his alleged occupational disease. Accordingly reasonable minds could not conclude that appellee was entitled to summary judgment as a matter of law, and the trial court erred in granting summary judgment to appellee on this question. Therefore Aerospace's first assignment of error is found well-taken as to this issue only.
 {¶ 36} The judgment of the Lucas County Court of Common Pleas is affirmed, in part, and reversed, in part. This cause is remanded to that court for further proceedings consistent with this judgment. Appellee, Robert L. Byrd, and appellant, Midland Ross/Grimes Aerospace, are each ordered to pay one-half of the costs of this appeal.
Judgment affirmed, in part, and reversed, in part.
Peter M. Handwork, P.J., Richard W. Knepper, J. and Mark L. Pietrykowski, J. Judges, concur.
[1] In its judgment entry, the trial court initially describes appellee's condition as "pneumoconiosis, or more specifically as silicosis." But the court later refers to appellee's alleged occupational disease simply as pneumoconiosis and finds that no question of fact exists on the question of whether appellee had developed this disease as a result of his exposure to silica dust during the course of his employment. Nevertheless, pneumoconiosis is better known as "black lung" or "coal miners'disease" and results from the inhalation of coal dust, see 4123.68(Y). Despite the differing nomenclature, the two diseases are related because they both cause "fibrosis of the lungs." State ex rel.Hubbard v. Indus. Comm'n of Ohio, 96 Ohio St.3d 336, 2002-Ohio-4795 at ¶ 13 and R.C. 4123.85(X). However, we choose to use the proper term, silicosis, see R.C. 4123.85(X), throughout this decision.
[2] Aerospace first raised the affirmative defense of the applicable statute of limitations in its answer to appellee's complaint.