DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal of the Toledo Municipal Court's grant of summary judgment to appellee, Toledo Area Regional Transit Authority ("TARTA"), a common carrier that provides transportation by bus throughout Toledo, Lucas County, Ohio.
 {¶ 2} Appellant, Jim Ella Jefferies, stated in her deposition that she wanted to do some shopping at the Southland Mall and that her only form of transportation is by means of a bus. She further testified that the bus stop nearest to her destination is located close to the "V.A. Clinic." Appellant indicated that she started to stand up as three passengers exited at the bus stop prior to her destination. Appellant pulled the cord to notify the driver that she wanted to exit the bus at the next stop and proceeded down the aisle, supporting herself with a cane in her right hand At the relevant point in time, appellant was not aiding her progress by using her left hand to grasp either the poles situated along the aisle, the overhead rail, or the backs of the bus seats. She was also behind the federally mandated "standee line[1]" located near the front of the bus.
 {¶ 3} According to appellant's deposition testimony, the bus driver "looked in the mirror and saw me and hit her brakes, that's what threw me down. It was pretty quick when she did it." Appellant also stated that the driver told her that "I didn't see you coming." Appellant admitted, however, that when the driver braked, it was at her desired stop.
 {¶ 4} In an affidavit filed in support of her memorandum in opposition to TARTA's motion for summary judgment, appellant averred that "when the bus attained the normal speed [after leaving the stop just before appellant's destination] between bus stops, all of a sudden, the Bu[s] Driver, slams on the brakes, and made a violent stop and that's what caused me to lose my balance and to fall back on my back and to the right, and my right shoulder and head hit the floor of the bus the hardest." She also asserted that the bus driver said "If I would have looked up in the mirror, the rear-view mirror, I would have seen you and would not have started out until you had taken a seat * * * If I would have known you were there, I wouldn't have hit the brakes so hard." Nothing in the affidavit refutes the fact that the driver of the bus braked and stopped at appellant's destination.
 {¶ 5} Appellant brought this negligence action against TARTA in the Toledo Municipal Court, Small Claims Division. She claimed that, as the result of her fall on the bus, she suffered pain and injury and incurred medical expenses. On TARTA's motion, the lawsuit was transferred to the municipal court's regular docket.
 {¶ 6} Appellant served interrogatories and requests for documents upon TARTA. Appellant's counsel filed a "Motion to Compel Answers to Interrogatories and Requests for Documents, Attorney's Fees, and Request for Oral Hearing Hereon," stating that TARTA's answers to the interrogatories were incomplete. Appellant's counsel admitted that he did not attempt to resolve this issue with TARTA's counsel before filing the motion to compel. The trial court denied appellant's motion because counsel failed to comply with the requirements of Civ.R. 37(E).
 {¶ 7} TARTA filed a motion for summary judgment supported by appellant's deposition, and, as noted above, appellant filed a memorandum in opposition supported by medical records and an affidavit of her treating physician. Appellant also renewed her motion to compel. In the memorandum in support of the motion to compel, appellant's trial counsel claimed that he and TARTA's counsel "have tried to resolve their differences on discovery," but were unable to do so. A hearing on appellee's motion for summary judgment was held on September 24, 2003. Appellant and her counsel failed to appear. The trial court overruled appellant's second motion to compel on the basis of res judicata. In a separate judgment entry, the trial court found that no genuine issue of material fact existed and granted summary judgment to TARTA as a matter of law.
 {¶ 8} Appellant appeals this judgment and alleges the following assignments of errors:
 {¶ 9} "Assignment of Error No. I. The trial court committed prejudicial and reversible error when it granted on October 6, 2003 Defendant TARTA's motion for summary judgment."
 {¶ 10} "Assignment of Error No. II. The trial court committed prejudicial and reversible error in denying plaintiff's second motion to compel defendant to answer plaintiff's interrogatories and requests for documents."
 {¶ 11} In Assignment of Error No. I, appellant contends that TARTA, as a common carrier, (1) has a duty to exercise the highest degree of care; (2) owes appellant as a senior citizen a greater degree of care; or (3) is liable for appellant's injuries under the theory of res ipsa loquitur. Appellant bases TARTA's liability on the bus driver's alleged sudden, forceful, or violent driving.
 {¶ 12} The standard of review of a trial court's ruling on summary judgment is de novo. Brown v. Cty. Commrs. of SciotoCty. (1993), 87 Ohio App.3d 704, 711. Summary judgment is appropriate when: "(1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66.
 {¶ 13} In a claim for negligence, plaintiff must prove the defendant owed plaintiff a duty, a breach of that duty occurred, and an injury proximately resulted from defendant's conduct.Menifee v. Ohio Welding Products Inc. (1984), 15 Ohio St.3d 75,77. A common carrier owes the highest degree of care for the safety of its passengers consistent with the practical operation of its system. Turner v. TARTA (Jan. 11, 1991), Lucas App. No. L-90-181 citing Neighbarger v. Cent. Ohio Transit Auth. (1982),9 Ohio App.3d 83. However, a common carrier is not responsible for all instances of injury to its passengers. Id. at 2, citingCentofanti v. Youngstown Mun. Ry. Co. (1952), 157 Ohio St. 396.
 {¶ 14} Appellant interprets Cleveland Ry. Co. v. Merk,124 Ohio St. 596 (1932) as holding that if the common carrier causes a sudden, unexpected, unusual or forceful stop, then negligence is proven. In Turner, however, the appellant also claimed that the bus jerked and suddenly stopped, causing her to fall. This court held that the bus driver did not violate her duty of care and that the transit company was not negligent.
 {¶ 15} As applied to the case before us, TARTA did not breach its duty of care owed to its passengers. Appellant stated nothing was in front of the bus which would cause it to stop faster than normal and the bus was traveling at a normal speed between stops.
 {¶ 16} Appellant was not supporting herself by using a pole or seatback before she fell. Appellant did not notice anything unusual about the driver's manner of operating the bus before the accident. Appellant's fall occurred while she stood behind the federally mandated standee line. In addition, appellant stated that when she fell, the bus was at a curb cut specifically designed for buses at her intended stop and the bus driver did not have to move the bus.
 {¶ 17} Appellant also argues that as a disabled senior citizen, she is owed a greater degree of care. Appellant's counsel cites 13 Am Jur.2d (2004) Carriers section 916, which states, "a common carrier of passengers, when it has notice that a particular passenger is disabled, elderly, or infirm, must exercise a greater degree of attention and care for that passenger than in the case of passengers who are in good health and not under a disability. * * * Such a heightened duty may only be imposed on a carrier when it knows or reasonably should know of a particular disability or incapacitating condition, and such condition must be of such significance as to make assistance necessary under the circumstances." However, appellant fails to cite any Ohio cases that confer this greater duty upon TARTA. Assuming, arguendo, that this duty applies, the record indicates that appellant did not require assistance under the circumstances. Additionally, appellant did not need any assistance getting up from her seat or getting off the bus after the fall.
 {¶ 18} Appellant also argues that TARTA is liable under the doctrine of res ipsa loquitur. Res ipsa loquitur is an evidentiary doctrine that permits the factfinder to infer negligence under certain circumstances. Michigan Mut. Liab. Co.v. Simpkins, (Apr. 21, 1978), Lucas App. No. L-77-158. We need not address the merits of appellant's argument because we find that no breach of appellee's duty occurred.
 {¶ 19} Therefore, appellant's Assignment of Error No. I is found not well-taken.
 {¶ 20} In Assignment of Error No. II, appellant contends the trial court erroneously held that the denial of appellant's first motion to compel justified the denial of appellant's second motion to compel. Civ.R. 37(E) requires that "before filing a motion authorized by this rule, the party shall make a reasonable effort to resolve the matter through discussion with the attorney, unrepresented party, or person from whom discovery is sought. The motion shall be accompanied by a statement reciting the efforts made to resolve the matter in accordance with this section."
 {¶ 21} The standard of review for a motion to compel is abuse of discretion. Svoboda v. Clear Channel Communications, Inc.,156 Ohio App.3d 307, 2004-Ohio-894 at ¶ 9. Abuse of discretion requires more than an error of law or judgment; rather, it implies that the court's decision was unreasonable, arbitrary or unconscionable. Id., citing Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 22} The Toledo Municipal Court denied appellant's first motion to compel because appellant's counsel admitted he had not attempted to ameliorate the dispute before filing the motion. In appellant's second motion to compel, appellant failed to attach any statement or affidavit reciting her efforts to resolve the discovery dispute. Therefore, appellant did not comply with Civ.R. 37(E), and the trial court did not abuse its discretion in denying appellant's second motion to compel. Appellant's Assignment of Error No. II is found not well-taken.
 {¶ 23} On consideration whereof, this court finds that substantial justice has been done the party complaining, and the judgment of the Toledo Municipal Court is affirmed. It is ordered that appellant pay the court costs of this appeal.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Knepper, J., Lanzinger, J., concur.
[1] {¶ a} 49 C.F.R. 393.90 reads, in part:
{¶ b} "Except as provided below, every bus, which is designed and constructed so as to allow standees, shall be plainly marked with a line of contrasting color at least 2 inches wide or equipped with some other means so as to indicate to any person that he is prohibited from occupying a space forward of a perpendicular plane drawn through the rear of the driver's seat and perpendicular to the longitudinal axis of the bus. Every bus shall have clearly posted at or near the front, a sign with letters at least one-half inch high stating that it is a violation of the Federal Motor Carrier Safety Administration's regulations for a bus to be operated with persons occupying the prohibited area."