DECISION AND JUDGMENT ENTRY
{¶ 1} In this appeal from a grant of summary judgment to appellee, Toledo Area Transit Authority ("TARTA"), appellant, Howard A. Stowe, asserts that the following error occurred in the proceedings below:
 {¶ 2} "The trial court erred to the prejudice of the appellant when it granted appellee's motion for a summary judgment on September 23, 2004."
 {¶ 3} On Saturday, January 6, 2001, appellant, who does not own a motor vehicle, decided to go, by means of a TARTA bus, to a store near the Franklin Park Mall, located in Toledo, Lucas County, Ohio, in order to obtain a "cash advance." As the bus, which was traveling in a northwest direction, came to an intersection (where the traffic light was green for vehicles traveling northwest) at the end of the Anthony Wayne Bridge, the bus driver, Arleen Hollowell, suddenly stopped the bus, and appellant was thrown to the floor.
 {¶ 4} According to appellant, he did a complete somersault before landing on his buttocks and then his elbows; two young men helped appellant to return to his seat. When a passenger asked whether appellant was injured, he replied that he "thought" he was all right. As appellant disembarked from the bus in downtown Toledo, Hollowell handed him a card and stated that he had to fill it out before she could allow him to leave. Appellant filled out the card and got on another bus that transported him to his destination.
 {¶ 5} After appellant finished his errand, he took a TARTA bus back to downtown Toledo, and from there he took a second bus to the area where he resided. However, because the TARTA bus line does not continue directly to appellant's home, appellant was required to walk approximately two miles to reach his apartment complex.
 {¶ 6} In his deposition, appellant testified that he had a pain in his "buttocks," immediately after his fall on Saturday, January 6, 2001. He claimed that over the course of the night, the pain in his buttocks and back increased to the point where, on Sunday, appellant's daughter urged him to go to a hospital trauma center to "get checked out." Appellant also complained of pain in his right elbow.
 {¶ 7} On July 6, 2003, appellant filed his complaint in the municipal court, asserting that the TARTA bus driver's negligence caused his injuries. He requested a judgment in the amount of $8,000 for medical expenses and other damages that were allegedly incurred as proximate cause of that negligence.
 {¶ 8} After conducting discovery, TARTA filed a motion for summary judgment. In its motion, TARTA acknowledged that common carriers, e.g. bus lines, owe a higher degree of care for their passengers than are, for example, private motor vehicle owners. Nonetheless, TARTA also maintained that in those circumstances where a bus driver is forced to make a quick stop to avoid a collision or injury to a third party, i.e., an emergency stop, the bus line is not liable to an injured passenger unless the passenger offers "concrete evidence" of the driver's negligence.
 {¶ 9} In support of its motion, TARTA filed the affidavit of Robert B. Phillips, an employee in TARTA's claims department. Phillips averred that an incident report filed by Hollowell was "a true and accurate copy of the document maintained in the ordinary course of business in TARTA'S claims file." In the incident report, Hollowell stated that she was operating the bus in the curb lane as she came down the bridge when a car in the left lane "cut across in front of" the bus and made a right turn.
 {¶ 10} In addition to the incident report, TARTA argued that appellant failed to point out any negligence on the part of Hollowell in abruptly stopping the bus. Specifically, TARTA noted that in his deposition testimony, appellant acknowledged that he was sitting in the aisle seat of the first two seats facing the front of the bus,[1] that he was "watching ahead," that the last thing he saw before he "flipped through the air" was a green traffic light, and that he did not know the speed of the bus at the time it stopped. Appellant further indicated in this testimony that there was no contact between the bus and another vehicle. When asked whether he knew that the bus driver stopped the bus because an automobile cut in front of it, appellant replied: "You know, anything could have happened, but I didn't see it."
 {¶ 11} In his memorandum in opposition to TARTA's motion for summary judgment, appellant argued, among other things, that Hollowell's incident report was not taken under oath, was unsigned, undated and was, therefore, lacking credibility. Appellant supported his memorandum in opposition with an affidavit that contains the following relevant provisions:
 {¶ 12} "3. * * * I was seated in the first seat on the left side next to the center aisle facing the front of the bus when the bus driver, without warning * * * slammed on the brakes, which caused me to be ejected from my seat. I saw no need for such action."
 {¶ 13} "* * *
 {¶ 14} "6. At the time of the aforesaid incident, I was sitting in my aforesaid seat facing the front of the bus watching straight ahead. I never saw a motor vehicle cut across the front of said bus. * * * The bus came to an abrupt stop."
 {¶ 15} On November 25, 2003, the municipal court denied TARTA's motion for summary judgment, finding that material questions of fact existed, and this cause was scheduled for a jury trial. Over the next several months, more discovery was conducted and a trial date was scheduled.
 {¶ 16} On July 23, 2004, TARTA filed a motion for reconsideration of the municipal court's denial of its motion for summary judgment. In support of the motion for reconsideration, TARTA relied on this court's decision in Jeffries v. Toledo Area Regional Transit Authority, 6th Dist. No. L-03-1318, 2004-Ohio-3797. On September 23, 2004, the municipal court judge granted TARTA's motion for reconsideration. In doing so, the judge determined that appellant failed to offer any evidence to create a genuine issue of material fact on the question of whether Hollowell breached a duty owed to appellant, that is, offered "no proof of a `showing of negligent conduct.'" This timely appeal followed.
 {¶ 17} In his sole assignment of error, appellant contends that a genuine issue of material fact on the question of negligence does exist because (1) the driver's incident report is an unsworn, unauthenticated document that could not be considered by the municipal court in determining TARTA's motion for summary judgment; and (2) appellant swore, under oath, in both his deposition and his affidavit that he never saw an automobile cut across in front of the bus.
 {¶ 18} Our review of summary judgment rulings is de novo. Doe v.Shaffer (2000), 90 Ohio St.3d 388, 390. Thus, we apply the same standard, as found in Civ.R. 56(C), as the trial court. Civ.R. 56(C) provides that summary judgment shall be granted when the filings in an action, including depositions and affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In addition, "summary judgment shall not be rendered unless it appears that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence construed most strongly in his favor." Id.
 {¶ 19} The party seeking summary judgment must specifically set forth the basis for the motion for summary judgment "in order to allow the opposing party a meaningful opportunity to respond." Mitseff v. Wheeler
(1988), 38 Ohio St.3d 112, syllabus. The movant must point to some evidence, as found in Civ.R. 56(C), in the record to support his motion.Dresher v. Burt ((1996), 75 Ohio St.3d 280, 293. Once the moving party demonstrates that he is entitled to summary judgment, the burden then shifts to the non-moving party to offer evidence to show that there is a genuine issue of fact for trial. Id.
 {¶ 20} We shall first consider the issue of whether the trial judge properly considered Hollowell's incident report in reaching her decision. Any errors as to the evidentiary materials offered in support of a motion for summary judgment provided for in Civ.R. 56(C) are waived, unless they are the subject of an objection or a motion to strike. State ex rel.Cincinnati Enquirer v. Hamilton Cty. Comm'rs, 1st Dist. No. C010605, 2002-Ohio-2038 (Citations omitted.). See, also, Dunnigan v. State FarmMut. Auto. Ins. Co., 9th Dist. 03CA008283, 2003-Ohio-6454, at ¶ 15 and ¶ 16. In such instances, a trial court has the discretion to determine whether the consideration of such materials is appropriate. Dunnigan, at 16.
 {¶ 21} In the present case, appellant failed to object to the inclusion of the incident report in support of TARTA's motion for summary judgment; consequently, appellant waived the right to raise the court's consideration of that document on appeal. Of greater importance is the fact that the incident report was properly incorporated into the affidavit of Robert Phillips as authorized by Civ.R. 56(E). See Byrd v.Midland Ross/Grimes Aerospace, 6th Dist. No. L-03-1078, 2003-Ohio-6971, at ¶ 19 (Citation omitted.). As a business record kept by the TARTA Claims Department, the incident report is an exception to the Evid.R. 802, which prohibits the use of hearsay as evidence. See Evid.R. 803(6). Further, the report's authenticity was attested to by Phillips in his affidavit. See Evid.R. 901(A). Therefore, appellant's first argument is without merit.
 {¶ 22} To recover on a claim of negligence, an injured party must prove that the defendant owed him a duty, that the defendant breached that duty, and that the breach was the proximate cause of his injury. Menifeev. Ohio Welding Products, Inc. (1984), 15 Ohio St.3d 75, 77. "A common carrier owes the highest degree of care for the safety of its passengers consistent with the practical operation of its system." Jeffries, at ¶ 13, citing Turner v. TARTA (Jan. 11, 1991), Lucas App. No. L-90-181, andNeighbarger v. Cent. Ohio Transit Auth. (1982), 9 Ohio App.3d 83. Nevertheless, a common carrier is not responsible for all instances of injury to its passengers. Turner, supra citing Centofanti v. YoungstownMun. Ry. Co. (1952), 157 Ohio St. 396.
 {¶ 23} In Stine v. Springfield City Lines, Inc. (1958),106 Ohio App. 429, the Second Appellate District held that where there is proof of the stopping of a bus with an "unusual, sudden, and violent jerk," an inference of negligence arises. Id. at 431 (Citation omitted.). This inference can be rebutted "by proof that such a stop was necessary to avoid some unexpected emergency for which the defendant was not responsible." Id.
 {¶ 24} As applied to the present case, TARTA rebutted any inference of negligence by showing that Hollowell was required to stop abruptly because an automobile cut in front of the bus and made a right turn. Appellant's deposition testimony and affidavit were insufficient to create a genuine issue of material fact on the question of whether Hollowell was required to make that emergency stop. In particular, appellant's testimony, when viewed in its entirety, does not create a question of material fact on the issue of whether a car cut in front of the TARTA bus. Thus, appellant failed to offer proof showing negligent conduct, and the trial court did not err in granting summary judgment to TARTA as a matter of law. Appellant's sole assignment of error is found not well-taken.
 {¶ 25} On consideration whereof, this court finds that substantial justice was done the party complaining, and the judgment of the Toledo Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal for which sum judgment is rendered against appellant on behalf of Lucas County and for which execution is awarded. See App.R. 24.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Skow, J., Parish, J, Concur.
[1] It must be noted that there were four seats facing the aisle located immediately behind Hollowell.