OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court. Plaintiff-Appellant, Ellen Moore, appeals the decision of the Mahoning County Court of Common Pleas that granted summary judgment to Defendant-Appellee, Western Reserve Transit Authority (WRTA). Moore argues that WRTA owes her the highest duty of care since it is a common carrier and that it breached that duty.
 {¶ 2} Moore fell and was injured due to the way in which the bus she was riding on started to move. The Ohio Supreme Court has held that a common carrier does not breach its duty of care due by jerking the vehicle unless the jerk was unusual in some respect such as in its suddenness, force, or violence. In her deposition, Moore testified that she fell in a violent manner, but denied that the bus's movement was unusual. Thus, she failed to produce any evidence demonstrating a genuine issue of material fact regarding whether WRTA breached its duty of care. Accordingly, the trial court's decision granting summary judgment to WRTA is affirmed.
 Facts {¶ 3} In November 2001, Moore entered a WRTA-owned bus while it was stopped at a stoplight in Youngstown, Ohio. After she got on the bus, but before she reached her seat, the stoplight turned green and the bus began to move. Moore lost her footing and fell, injuring herself.
 {¶ 4} Subsequently, Moore filed a complaint sounding in negligence against WRTA. WRTA answered and, after discovery, filed a motion for summary judgment, arguing that Moore could not prove that it breached its duty of care since the evidence showed that the bus did not make any unusual movements to cause Moore's fall. Moore responded, arguing that she did provide evidence of an unusual movement since she testified that she fell "like a ton of bricks." The trial court granted WRTA's motion for summary judgment.
 Standard of Review {¶ 5} In her sole assignment of error, Moore argues:
 {¶ 6} "The court abused its discretion by granting Defendant-Appellee's motion for summary judgment as there exists a material factual dispute which must be determined by a jury."
 {¶ 7} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court and, therefore, engages in a de novo review. Parenti v. Goodyear Tire Rubber Co. (1990),66 Ohio App.3d 826, 829. Under Civ.R. 56, summary judgment is only proper when the movant demonstrates that, viewing the evidence most strongly in favor of the non-movant, reasonable minds must conclude no genuine issue as to any material fact remains to be litigated and the moving party is entitled to judgment as a matter of law. Doe v. Shaffer (2000), 90 Ohio St.3d 388, 390. A fact is material when it affects the outcome of the suit under the applicable substantive law. Russell v. Interim Personnel,Inc. (1999), 135 Ohio App.3d 301, 304.
 {¶ 8} When moving for summary judgment, a party must produce some facts that suggest that a reasonable fact-finder could rule in her favor. Brewer v. Cleveland Bd. of Edn. (1997),122 Ohio App.3d 378, 386. "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher v. Burt
(1996), 75 Ohio St.3d 280, 296. The trial court's decision must be based upon "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action." Civ.R. 56(C). The nonmoving party has the reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293.
 Common Carrier Liability {¶ 9} Moore's claim against WRTA sounds in negligence. "A negligence claim requires proof of the following elements: duty, breach of duty, causation, and damages." Anderson v. St.Francis-St. George Hosp., Inc. (1996), 77 Ohio St.3d 82, 84. In this case WRTA's duty arises from its status as a common carrier, one who undertakes to transport persons or property from place to place, for hire, and holds itself out to the public as ready and willing to serve the public indifferently. Conver v. EKH Co.,
10th Dist. No. 02AP-1307, 2003-Ohio-5033, ¶ 32. A common carrier has the duty to exercise the highest degree of care for the safety of its passengers consistent with the practical operation of the system. Dietrich v. Community Traction Co. (1964),1 Ohio St.2d 38, 41. However, the fact that a common carrier owes a duty to exercise the highest degree of care does not mean that it is responsible for all of its passengers' injuries. Jeffries v.Toledo Area Regional Transit Auth., 6th Dist. No. L-03-1318,2004-Ohio-3797, ¶ 13.
 {¶ 10} Moore claims that WRTA breached its duty of care when it started moving before she had yet reached her seat. The Ohio Supreme Court has held that a common carrier does not breach its duty of care in these types of "jerk" cases unless there is "evidence indicating a jerk unusual in some respect such as in its suddenness, force, or violence." Yager v. Marshall (1935),129 Ohio St. 584, 587. Moore claims that she introduced such evidence when she testified that she "went in the air and hit the floor like a ton of bricks." She also described the fall as a "bang." Moore's argument is incorrect.
 {¶ 11} In her deposition, Moore denied that she slipped due to wet conditions, laying blame solely on the manner in which the bus started moving. However, the evidence Moore relies upon to establish the unusual nature of the bus's jerk actually describes the nature of her fall, not the unusual manner in which the bus jerked. When Moore was specifically asked whether the bus's movement was different than the norm, she replied that it pulled out in "pretty much the usual way" and denied that there was anything "unusual or different or strange about the way the bus pulled away from the intersection."
 {¶ 12} In this case, Moore laid total blame for her injury on the manner in which the bus started moving, but she testified that the bus started in the normal manner. The only evidence she can point to is not evidence of the manner in which the bus moved; rather it is evidence of the nature of her fall. Without evidence that the bus jerked in an unusual way, Moore cannot prove her case against WRTA. Accordingly, there is not a genuine issue regarding whether WRTA breached its duty of care, and the trial court properly granted summary judgment to WRTA. Moore's sole assignment of error is meritless and the judgment of the trial court is affirmed.
Donofrio, P.J., concurs.
Vukovich, J., concurs.