[Cite as *Foster v. Cent. Ohio Transit Auth.*, 2014-Ohio-4362.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Terrance Foster et al., | : | |
| Plaintiffs-Appellants, | : | |
| | | No. 14AP-200 |
| v. | : | (C.P.C. No. 13CV-04-3898) |
| Central Ohio Transit Authority, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on September 30, 2014

*Fusco, Mackey, Mathews & Gill, LLP, Matthew M. Nierman* and *Michael J. Fusco*, for appellants.

*Gary D. Tober*; *Mazanec, Raskin & Ryder Co.,* and *Michael S. Loughry*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Plaintiffs-appellants, Terrance and Pamela Foster ("appellants"), appeal from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Central Ohio Transit Authority ("COTA"), on their claims for negligence and loss of consortium. Because we conclude that there was a genuine issue of material fact as to whether the bus on which Terrance was riding moved in a way that was unusually sudden, forceful, or violent, causing him to fall and sustain injuries, we reverse.

{¶ 2} Terrance asserts that he was injured in April 2011 while riding on a bus operated by COTA. After boarding the bus and paying his fare, appellant proceeded toward the seating area in the rear of the bus. While appellant was walking down the aisle, the bus driver pulled away from the bus stop where Terrance had boarded. As the bus

moved, Terrance fell forward, striking his head and right shoulder and landing on the floor of the bus. After arriving home, Terrance sought medical treatment and was diagnosed with a dislocated shoulder.

{¶ 3}  Appellants filed suit asserting claims for negligence and loss of consortium. Following discovery, including interrogatories and depositions of Terrance and the bus driver, COTA moved for summary judgment, asserting that appellants failed to demonstrate that the driver negligently operated the bus. Appellants responded in opposition, claiming that they demonstrated the existence of a genuine issue of material fact as to whether COTA was negligent. The trial court granted summary judgment in favor of COTA, concluding that there were no genuine issues of material fact and that COTA was entitled to judgment as a matter of law.

{¶ 4}  Appellants appeal from the trial court's judgment, assigning one error for this court's review:

> The trial court erred in granting Appellee's motion for summary judgment where genuine issues of material fact existed as to the breach of the duty of care owed to the Appellants.

{¶ 5}  We review a grant of summary judgment de novo. *Capella III, L.L.C. v. Wilcox,* 190 Ohio App.3d 133, 2010-Ohio-4746, ¶ 16 (10th Dist.), citing *Andersen v. Highland House Co.,* 93 Ohio St.3d 547, 548 (2001). "De novo appellate review means that the court of appeals independently reviews the record and affords no deference to the trial court's decision." *Holt v. State,* 10th Dist. No. 10AP-214, 2010-Ohio-6529, ¶ 9 (internal citations omitted). Summary judgment is appropriate where "the moving party demonstrates that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made." *Capella III* at ¶ 16, citing *Gilbert v. Summit Cty.,* 104 Ohio St.3d 660, 2004-Ohio-7108, ¶ 6. In ruling on a motion for summary judgment, the court must resolve all doubts and construe the evidence in favor of the nonmoving party. *Pilz v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. No. 04AP-240, 2004-Ohio-4040, ¶ 8. *See also Hannah v. Dayton Power & Light Co.,* 82 Ohio St.3d 482, 485 (1998) ("Even the

inferences to be drawn from the underlying facts contained in the evidentiary materials, such as affidavits and depositions, must be construed in a light most favorable to the party opposing the motion."). Therefore, we undertake an independent review to determine whether COTA was entitled to judgment as a matter of law on appellants' claims.

{¶ 6} To prove their claims against COTA, appellants must demonstrate "(1) the existence of a duty, (2) a breach of that duty, and (3) an injury proximately resulting from the breach." *Robinson v. Bates*, 112 Ohio St.3d 17, 2006-Ohio-6362, ¶ 21. COTA is a common carrier and owes its passengers the highest degree of care consistent with the practical operation of its system. *Neighbarger v. Central Ohio Transit Auth.*, 9 Ohio App.3d 83, 84 (10th Dist.1982), citing *Dietrich v. Community Traction Co.*, 1 Ohio St.2d 38 (1964). With respect to "jerk cases," in which a plaintiff seeks damages resulting from a fall caused by a jerk or other sudden movement of a vehicle, the Supreme Court of Ohio has held that it is a "well-settled rule that the mere occurrence of a jerk does not constitute evidence of negligence on the part of a common carrier of passengers in the operation of its cars, and that in order to prove such negligence there must be evidence indicating a jerk unusual in some respect such as in its suddenness, force, or violence." *Yager v. Marshall*, 129 Ohio St. 584, 587 (1935).

{¶ 7} In *Yager*, the plaintiff claimed that she fell and was injured when the streetcar she had just boarded began moving. *Id.* at 586. The plaintiff testified that, as it began moving, the streetcar "jerked a little" and that it "jerked or something." *Id.* At trial, the plaintiff won a judgment, and the court of appeals affirmed that judgment. *Id.* at 584. On appeal, the Supreme Court concluded that the plaintiff's characterizations were "far short" of proving negligence and that there was nothing to indicate that the jerk was unusual in suddenness, force, or violence. *Id.* at 587. The court reversed the trial court verdict, concluding that the defendant was entitled to judgment. *Id.*

{¶ 8} Applying *Yager*, Ohio's appellate courts have rejected claims in jerk cases where the plaintiffs failed to demonstrate that their injuries resulted from unusually sudden, forceful, or violent movements. In *Neighbarger*, this court affirmed the trial court's grant of summary judgment in favor of the defendant. *Neighbarger* at 84. The plaintiff in *Neighbarger* asserted that she suffered injuries after a fall on a bus. She testified at deposition that the bus "lurched or something" and that the bus "lurched or

jerked or whatever" when it started. This court concluded that the plaintiff's testimony did not demonstrate that the lurching or jerking was of unusual suddenness, force, or violence, and, therefore, there was no genuine issue of material fact as to whether the defendant was negligent. *Id.* Similarly, the First District Court of Appeals rejected a jerk case claim in *Piccirillo v. S.W. Ohio Regional Transit Auth.*, 1st Dist. No. C-120768, 2013-Ohio-2289. In that case, the plaintiff testified that, as she began to sit down on a bus, she was "jolted a little bit" and fell when she missed the seat. *Id.* at ¶ 3. She further testified that the way the bus pulled away from the bus stop "wasn't unusual." *Id.* The appellate court affirmed the trial court's award of summary judgment in favor of the defendant, concluding that there was no evidence that the bus's movement was unusual in its suddenness, force, or violence. *Id.* at ¶ 6. Other appellate courts have reached the same conclusion in similar cases. *See, e.g., Moore v. W. Reserve Transit Auth.*, 7th Dist. No. 05 MA 42, 2005-Ohio-6794 (affirming summary judgment in favor of defendant in a case where the plaintiff asserted she "fell like a ton of bricks" when a bus began to move before she reached her seat but also expressly denied that there was anything unusual about the way the bus pulled away from the intersection); *Heath v. Toledo Area Regional Transit Auth.*, 6th Dist. No. L-01-1320 (Jan. 11, 2002) (affirming summary judgment in favor of defendant in a case where the plaintiff admitted that the jerk that she felt on a transit authority van was similar to jerking she had previously experienced as a passenger on those vans); *Merchant v. RTA Miami Valley Regional Transit Auth.*, 2d Dist. No. 16748 (Feb. 27, 1998) (affirming summary judgment in favor of defendant in a case where the plaintiff testified "I don't know" when asked whether the acceleration of the bus was quick or normal and otherwise failed to present evidence that the movement was unusually sudden, forceful, or violent).

{¶ 9}   By contrast, in *Alexander v. New York Central RR Co.*, 1 Ohio App.2d 460 (10th Dist.1964), this court held that the trial court erred by entering a directed verdict in favor of the defendant in a case where the plaintiff claimed he was injured when the train on which he was riding came to a sudden emergency stop.  The plaintiff testified that the stop was "quite sudden" and was "as sudden a stop as I have ever seen the train make." *Id.* at 462. Another crew member on the train testified that the train made a "sudden stop, which was, I will say, more shocking than I have ever had before." *Id.* The court concluded

that the testimony could be construed to describe the jerk of the train as unusual. *Id.* at 463. Accordingly, the trial court erred by granting a directed verdict in favor of the defendant. *Id.* at 464.

{¶ 10} In the present case, COTA asserts that it was entitled to summary judgment because appellants failed to present evidence that the bus jerked in a way that was unusual in suddenness, force, or violence. COTA argues that Terrance never testified that the jerk he felt was unusually forceful or violent. On the form he submitted to COTA in the process of filing a claim, Terrance indicated that his injury occurred because the driver began moving the bus before he had an opportunity to sit down. COTA also points to testimony from Terrance and from the bus driver indicating that the incident occurred on a rainy day, that the floor of the bus was damp, and that Terrance was not supporting himself using rails or seat backs as he moved from the front of the bus toward a seat.

{¶ 11} Appellants argue that the parties presented evidence giving rise to competing inferences regarding whether COTA breached its duty and that the trial court erred by failing to construe the evidence in their favor and granting summary judgment for COTA. In his responses to COTA's interrogatories, Terrance described the incident, stating "[a]fter I boarded, but before I could get to my seat, the driver caused the bus to lurch forward, suddenly, with a jerk, (unlike the usual driver) (sic) knocking me forward to the floor and causing my right shoulder to dislocate." (Foster Responses to Interrogatories at 6.) Additionally, at his deposition, Terrance testified that he entered the bus, swiped his fare card, and began moving toward a seat when "the bus driver took off and jerked, and [he] ended up on [his] shoulder." (Foster Depo. at 19.)

{¶ 12} Under the summary-judgment standard, we must resolve all doubts and construe the evidence, including reasonable inferences arising from that evidence, in favor of appellants as the non-moving party. Applying that standard, based on our independent review of the evidence presented below, we conclude that there was a genuine issue of material fact with respect to the cause of Terrance's fall. This case differs from *Yager, Neighbarger,* and other similar cases because there was some evidence that could be construed to demonstrate that the bus jerked in a way that was unusually sudden, forceful, or violent. Although Terrance did not directly use those terms, his interrogatory response that the movement of the bus was unlike that experienced when

operated by the regular driver and his deposition testimony that the bus driver "took off" could be reasonably construed as indicating that the jerk he felt when the bus began to move was unusually sudden or forceful. Reviewing the evidence, reasonable minds could come to different conclusions as to whether the movement of the bus was unusually sudden, forceful, or violent and, therefore, COTA was not entitled to summary judgment.

{¶ 13} For the foregoing reasons, we sustain appellants' sole assignment of error. We reverse the judgment of the Franklin County Court of Common Pleas and remand this matter to that court for further proceedings in accordance with law and consistent with this decision.

*Judgment reversed; cause remanded.*

BROWN and KLATT, JJ., concur.

_____